UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JAMES TOMASSI,

                                Plaintiff,

                                                     **ORDER**

             -against-                         17-CV-3338 (JMA)(AKT)

STONY BROOK HOSPITAL, PATRICK SEELY, ADM. RN,
JOHN DOE # 1, 2 , 3, 4 NURSING ASSISTANTS,

                               Defendants.
-------------------------------------------------------------------------X
**AZRACK, United States District Judge:**

        On June 9, 2017, pro se plaintiff James Tomassi ("plaintiff") filed a complaint in this Court against Stony Brook Hospital (the "Hospital"), Patrick Seely, Adm. RN ("Seely") and four "John Doe" defendants alleged to be nursing assistants at the Hospital ("John Does" and collectively, "defendants").   Plaintiff did not pay the Court's filing fee nor did he file an application to proceed in forma pauperis at the time that he filed the complaint.   Accordingly, by Notice of Deficiency dated June 15, 2017 (the "Notice"), plaintiff was instructed to either pay the $400 filing fee or complete and return the enclosed application to proceed in forma pauperis application within fourteen (14) days from the date of the Notice.   On June 16, 2017, plaintiff timely filed an application to proceed in forma pauperis.

        Upon review of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified by his financial status to commence this action without prepayment of the filing fee and therefore the Court grants plaintiff's request to proceed in forma pauperis.   However, the Court sua sponte dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for the reasons that follow.

# I.    BACKGROUND[1]

Plaintiff's brief complaint alleges that the "basis for Federal Court Jurisdiction is the Fifth Amendment which provides that no person should be deprived of liberty without due process", and alleges the following, in its entirety:

A.    I was taken to Stony Brook Hospital by ambulance after a motor cycle accident.  When I arrived at the emergency room, I was given an opiate for pain control to which I had a bad reaction.   I am a brain injury survivor, and this type of medication is contraindicated in my case.   At the time of that incident I was treated at Stony Brook Hospital, and I am sure my records were available to them.

B.    After a full body scan the trauma team found that the only injury I had was a fractured knee cap.  I was admitted to the hospital and moved up to a floor where there was a patient who was very noisy which made me very uncomfortable.

C.    I told the hospital staff that I wanted to go home where I could rest and heal. They forcibly restrained me and tried to inject me with a strong sedative. They cut off my clothes.

(Compl. ¶ III. A-C.)   As a result of the foregoing, plaintiff claims that his "shoulder was damaged."   According to plaintiff, "[t]he shoulder joint has many parts and is very difficult to immobilize and to treat, so this is a permanent injury."   (Id. ¶ IV.)   For relief, plaintiff seeks an order requiring the Hospital "to discontinue this practice of forcibly detaining patients against their will."   (Id. ¶ V.)   Plaintiff also seeks to recover a monetary award in the amount of five hundred thousand dollars ($500,000).   (Id.)

---

1  All material allegations in the complaint are assumed to be true for the purpose of this Order.   See Rogers v. City of Troy, 148 F.3d 52, 58 (2d Cir. 1998) (finding that when reviewing a pro se complaint for sua sponte dismissal, a court is required to accept all material allegations as true).

## II.    DISCUSSION

**A.    <u>In</u> <u>Forma</u> <u>Pauperis</u> Application**

Upon review of plaintiff's declaration in support of the application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> is granted.

**B.    Standard for Dismissal**

Pursuant to the <u>in</u> <u>forma</u> <u>pauperis</u> statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.

**1.    Immunity**

Pursuant to the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state."  <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100 (1984) (citing <u>Emps. v. Mo. Pub. Health & Welfare Dep't</u>, 411 U.S. 279, 280 (1973)).  "[A]bsent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."  <u>Va. Office for Prot. & Advocacy v. Stewart</u>, 563 U.S. 247, 254 (2011); <u>see also</u> <u>Pennhurst State Sch. & Hosp.</u>, 465 U.S. at 100-01 (holding that the Eleventh Amendment bars both suits for damages and injunctive relief).  The Supreme Court has held that the Eleventh Amendment gives a State immunity from suit, not just from liability.  <u>Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy</u>, 506 U.S. 139, 144 (1993) (citation omitted).  A State's sovereign immunity "affects . . . subject matter jurisdiction"

and so, may be raised <u>sua</u> <u>sponte</u>.   <u>Atlantic Healthcare Benefits Trust v. Googins</u>, 2 F.3d 1, 4 (2d Cir. 1993).

      Plaintiff names the Hospital, and Seely, a registered nurse at the Hospital, and four unidentified nursing assistants at the Hospital as defendants.   The Hospital is part of the State University of New York ("SUNY").   <u>See</u>, <u>e.g.</u>, <u>Casino v. Stony Brook University Medical Center</u>, 13-CV-6357, 2014 WL 317368, *4 (E.D.N.Y. Jan. 27, 2014); <u>see also</u> <u>Fariello v. Rodriguez</u>, 148 F.R.D. 670, 681 (E.D.N.Y. 1993), <u>aff'd</u>, 22 F.3d 1090 (2d Cir. 1994) ("[T]he Stony Brook University Hospital is an entity of the State of New York . . . .").   "For Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party."   <u>Casino</u>, 2014 WL 317368 at *4 (internal quotation marks, brackets and citation omitted); <u>see</u> <u>also</u> <u>Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn</u>, 280 F.3d 98, 107 (2d Cir. 2001) (accord).

      Plaintiff seeks to bring Fifth Amendment Due Process claims against the defendants pursuant to 42 U.S.C. § 1983 ("Section 1983").   However, it is long established that New York has not consented to suits brought under Section 1983 in federal court.   <u>Trotman v. Palisades Interstate Park Comm's</u>, 557 F.2d 35, 38-40 (2d Cir. 1977).   Furthermore, the Supreme Court has held that 42 U.S.C. § 1983 was not intended to override a State's sovereign immunity.   <u>Quern v. Jordan</u>, 440 U.S. 332, 343-45 (1979).   Thus, as is readily apparent, plaintiff's claim against the State of New York is barred by the Eleventh Amendment.   Because plaintiff Section 1983 claim against the State is not plausible, it is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

      Similarly, insofar as plaintiff seeks to sue individual state employees in their official capacities, they too are shielded from suit by the Eleventh Amendment.   "A claim for damages against a state employee in his 'official capacity' is also deemed to be a claim against the state and hence barred by Eleventh Amendment immunity."   <u>Thomas v. Calero</u>, 824 F. Supp. 2d 488, 498

4

(S.D.N.Y. 2011) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985); <u>Pennhurst State Sch. & Hosp</u>, 465 U.S. at 100-02) ("[A]s when the State itself is named as the defendant, a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief.") (citing <u>Cory v. White</u>, 457 U.S. 85, 91 (1982)).    Here, given the nature of plaintiff's claims together with the sparse factual allegations, there is no basis for the Court to reasonably construe plaintiff's claims against the individual state defendants as anything other than official capacity claims.    Accordingly, plaintiff's claims against the individual defendants are also barred by the Eleventh Amendment and are thus dismissed pursuant to 28 U.S.C. §1915(e)(2)(B).

**D.    Leave to Amend**

A <u>pro</u> <u>se</u> plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."    <u>Shomo v. City of New York</u>, 579 F.3d 176, 183 (2d Cir. 2009) (quoting <u>Gomez v. USAA Fed. Sav. Bank</u>, 171 F.3d 794, 795 (2d Cir. 1999)).    Indeed, a <u>pro</u> <u>se</u> plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint."    <u>Boddie v. N.Y. State Div. of Parole</u>, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting <u>Frazier v. Coughlin</u>, 850 F.2d 129, 130 (2d Cir. 1988)).    Yet while "<u>pro</u> <u>se</u> plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." <u>Id.</u> (citation omitted).

Here, the Court has carefully considered whether plaintiff should be granted leave to amend his complaint.    In an abundance of caution, plaintiff is granted leave to file an amended complaint in accordance with this Order within thirty (30) days from the date of this Order.    Plaintiff is advised that because an amended complaint completely replaces the original complaint, all claims against each defendant must be included in the amended complaint.    Plaintiff is warned that a failure to file an amended complaint within the time allowed will lead to the dismissal of his

complaint and the case will be closed.   Any amended complaint filed must be clearly labeled "Amended Complaint" and bear the same docket number as this Order, 17-CV-3338.   Any amended complaint filed shall be screened pursuant 28 U.S.C. § 1915.

Alternatively, plaintiff may pursue any valid claims he may have against the defendants in state court.

## III.    CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted. However, plaintiff's complaint is dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2)(B) because the Eleventh Amendment bars plaintiff's claims.   Plaintiff is granted leave to file an amended complaint in accordance with this Order within thirty (30) days from the date of this Order.   The amended complaint shall be clearly labeled "Amended Complaint" and bear the same docket number as this Order, 17-CV-3338.   If plaintiff does not file an amended complaint within the time allowed, the case will be closed.   Alternatively, plaintiff may pursue any valid claims he may have against the defendants in state court.   The Clerk of the Court shall mail a copy of this Order to the pro se plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

Date: October 10, 2018
Central Islip, New York

_____/s/ (JMA)_____
Joan M. Azrack
United States District Judge

6